UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| A.M. (a minor child), through guardian and next friend JOLEEN LEMMONS,<br><br>Plaintiff,<br><br>v.<br><br>HAMILTON COUNTY GOVERNMENT,<br><br>DEPUTY DANIEL WILKEY, in his capacity as a deputy sheriff for Hamilton County Government and in his individual capacity,<br><br>DEPUTY TYLER MCRAE, in his capacity as a deputy sheriff for Hamilton County Government and in his individual capacity,<br><br>DEPUTY TRISTA RICE, in her capacity as a deputy sheriff for Hamilton County Government and in her individual capacity,<br><br>Defendants. | No. 1:20-cv-00019-TRM-CHS<br><br>Judge McDonough<br>Magistrate Judge Steger |

## ANSWER OF HAMILTON COUNTY

Hamilton County Government ("Hamilton County" or "the County") and Trista Rice ("Detective Rice"), show the following in Answer to the Complaint (Doc. 1-1) against them:

**INTRODUCTION**

1. Paragraphs 1 and 2 of the Complaint are admitted as to the Plaintiff bringing this action. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

2. Without the aid of discovery, these Defendants can neither admit nor deny Paragraph 3 of the Complaint and strict proof is demanded.

3. Paragraphs 4 and 5 of the Complaint are admitted to the extent that the Deputies Wilkey and McRae were employed by the Hamilton County Sheriff's Office ("HCSO") on the date in question. Without the aid of discovery, however, these Defendants can neither admit nor deny whether the individual officers acted in the course and scope of their duties relative to this incident, and strict proof is demanded. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

4. Paragraph 6 of the Complaint is admitted.

5. Paragraph 7 of the Complaint is denied.

6. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in Paragraph 8 of the Complaint. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

7. Paragraph 9 of the Complaint is admitted as to the appropriate jurisdiction of the Circuit Court; however, jurisdiction is also appropriate in this Court and this matter was therefore removed to this Court. (Doc. 1).

8. Paragraph 10 of the Complaint is admitted as to the appropriate venue of the Circuit Court; however, venue is also appropriate in this Court and this matter was therefore removed to this Court. (Doc. 1). Without the aid of discovery, these Defendants can neither admit nor deny Paragraph 10a of the Complaint, and strict proof is demanded; Paragraph 10b is denied as to the residences of the individual Defendants but is admitted as to their employment with the Hamilton County Sheriff's Office; and Paragraph 10c is admitted.[1]

---

[1] The Complaint contains two paragraphs numbered 10. This response is to the first paragraph.

9. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in Paragraph 10[2] of the Complaint, and strict proof is demanded.

10. Paragraph 11 of the Complaint is admitted. Paragraphs 11a and 11b of the Complaint are admitted in part and denied in part. It is admitted that Hamilton County provides funding for the HCSO. It is denied, however, that Hamilton County provides rules and regulations for the operation of the HCSO or that it provides oversight as to hiring, training, discipline or retention of HCSO personnel.

11. Paragraph 12 of the Complaint is denied as stated. The Hamilton County Sheriff's Office is created by statutes enacted by the Tennessee legislature, and not Hamilton County, Tennessee. Paragraphs 12a through 12e of the Complaint are legal conclusions to which no response is required. All allegations of wrongdoing as to the County or Detective Rice, however, are denied.

12. Paragraph 13 of the Complaint is admitted as to the Plaintiff bringing suit. All allegations of wrongdoing on the part of the County or Detective Rice, however, are denied.

13. Paragraph 14 of the Complaint is admitted as to the employment of the individual Defendants and the nature of the suit. Without the aid of discovery, however, Hamilton County can neither admit nor deny whether Deputies Wilkey or McRae officers acted in the course and scope of their duties relative to this incident, and strict proof is demanded. It is admitted that Detective Rice acted in the course and scope of her duties relative to this incident. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

---

[2] The Complaint contains two paragraphs numbered 10. This response is to the second paragraph.

## FACTUAL BASIS

14. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in Paragraphs 15 through 19 of the Complaint, and strict proof is demanded. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

15. Paragraphs 20 through 22 of the Complaint are admitted upon information and belief. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

16. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in Paragraph 23 through 25 of the Complaint, and strict proof is demanded. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

17. Paragraph 26 of the Complaint is admitted upon information and belief. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

18. Paragraph 27 through 31 of the Complaint are denied as stated. Upon information and belief, Deputy Wilkey was conducting an appropriate search based on the probable cause of smelling marijuana in the vehicle. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

19. Paragraph 32 of the Complaint is admitted to the extent that a female officer was not called to conduct the search of the Plaintiff. The remainder of Paragraph 32 of the Complaint is denied as stated. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

20. Paragraph 33 of the Complaint is admitted upon information and belief; however, it is further averred that Deputy Wilkey called the Plaintiff's guardian. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

21. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in Paragraph 34 of the Complaint, and strict proof is demanded. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

22. Paragraphs 35 through 37 of the Complaint are denied.

23. Paragraph 38 of the Complaint is admitted to the extent that the Plaintiff was charged with possession of drug paraphernalia and booked. Without the aid of discovery, however, these Defendants can neither admit nor deny the allegations contained in Paragraph 38a of the Complaint, and strict proof is demanded. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

24. Paragraph 39 of the Complaint is admitted upon information and belief.

25. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in Paragraphs 40 through 42 of the Complaint, and strict proof is demanded. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

26. Paragraph 43 of the Complaint is admitted. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

27. Paragraph 44 of the Complaint is admitted in part and denied in part. It is admitted that the Plaintiff and her guardian did not follow up with an interview. It is denied that Detective Rice told either that the investigation would be dropped. Rather, Detective Rice attempted several times to interview the Plaintiff to no avail. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in Paragraph 44 of the Complaint, and strict proof is demanded. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

Page **5** of **14**

Case 1:20-cv-00019-TRM-CHS   Document 10   Filed 02/06/20   Page 5 of 14   PageID #: 74

28. Paragraph 45 of the Complaint is admitted. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

29. Paragraph 46 of the Complaint is admitted as to notification of parents and a School Resource Officer being present. The remainder of the allegations contained in the paragraph are legal conclusions to which no response is required. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

30. Paragraphs 47 through 50 of the Complaint are denied as stated. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

31. Paragraphs 51 and 52 of the Complaint are admitted. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

32. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in Paragraphs 53 and 54 of the Complaint, and strict proof is demanded. All allegations of wrongdoing by the County or Detective Rice, however, are denied.

33. Paragraphs 55 through 59 of the Complaint contain conclusory allegations previously made by a plaintiff in a completely unrelated matter, and to which Hamilton County and/or other defendants appropriately responded through individual answers to a complaint; therefore, no response is required here. Further, the allegations are either mischaracterizations of events or are simply incorrect statements, which have been and are presently denied.

34. Paragraphs 60 through 67 of the Complaint contain conclusory allegations previously made by a plaintiff in a completely unrelated matter, and to which Hamilton County and/or other defendants appropriately responded through individual answers to a complaint; therefore, no response is required here. Further, the allegations are either mischaracterizations

of events or are simply incorrect statements. Additionally, criminal prosecutions are handled by the State of Tennessee over which Hamilton County has no control. In further response, Hendrix' death occurred as the result of his failure to comply with law enforcement commands.

35. Paragraphs 68 through 78 of the Complaint state conclusory allegations based upon newspaper accounts which are incomplete. The matter is currently under investigation by outside agencies, and the deputy involved has yet to have the benefit of the completion of any investigation(s), much less the benefit of due process.

36. Paragraph 79 of the Complaint is admitted.

37. Paragraph 80 of the Complaint is admitted; however, the Plaintiff has taken the statement out of context. Further, the remarks were made on or about January 14, 2012, to the Brainerd Kiwanis Club, regarding dealing with gangs. At the same meeting, he further mentioned the need to prevent young people from getting into gangs in the first place.

38. Paragraph 81 and 82 of the Complaint are admitted. Any statement regarding Blake Kilpatrick is unrelated to this matter. The statements made by Sheriff Hammond at the press conference scheduled by District Attorney General Neal Pinkston were made based on the information in his possession at that time. The Sheriff further stated that an Internal Affairs investigation was being conducted, and that he was committed to the transparency and accountability of the Sheriff's Office and its personnel.

39. Paragraph 83 of the Complaint of the Complaint contains conclusory allegations previously made by a plaintiff in a completely unrelated matter while Wilkey was employed by a different law enforcement agency. That matter was resolved by both a Rhea County Sheriff's Office Internal Affairs investigation finding that Deputy Wilkey had not violated any policies or

procedures and findings by the Tennessee Bureau of Investigation that exonerated Wilkey. Paragraph 83a of the Complaint is denied.

40. Paragraph 84 of the Complaint is denied.

41. Paragraph 85 of the Complaint is admitted; however, it is noted that Deputy Wilkey has not yet had the complete benefit of due process relative to those charges which are unrelated to this matter. Paragraph 85a is denied.

42. No response is required of Hamilton County to Paragraphs 86 through 88 of the Complaint. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

43. Paragraph 89 of the Complaint is admitted upon information and belief.

44. Without the aid of discovery, Hamilton County can neither admit nor deny Paragraph 90 of the Complaint, and strict proof is demanded.

45. Paragraph 91 of the Complaint contains legal conclusions to which no response is required. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

46. No response is required of Hamilton County to Paragraph 92 of the Complaint. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

47. Paragraphs 93 through 98 of the Complaint of the Complaint contain legal conclusions to which no response is required. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

48. Paragraphs 99 through 106 of the Complaint are denied.

49. <u>Paragraph 108</u>[3] of the Complaint is admitted as to the Plaintiff filing suit. Any alleged wrongdoing by the County or Detective Rice, however, is denied.

50. No response is required of Hamilton County to <u>Paragraph 109</u> of the Complaint. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

51. <u>Paragraphs 110</u> through <u>115</u> of the Complaint of the Complaint contain legal conclusions to which no response is required. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

52. <u>Paragraphs 116</u> through <u>127</u>[4] of the Complaint are denied.

53. <u>Paragraph 127</u>[5] of the Complaint is admitted as to the Plaintiff filing suit. Any alleged wrongdoing by the County or Detective Rice, however, is denied.

54. No response is required of Hamilton County to <u>Paragraph 128</u> of the Complaint. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

55. <u>Paragraphs 129</u> and <u>130</u> of the Complaint of the Complaint contain legal conclusions to which no response is required. Any alleged wrongdoing on the part of the County or Detective Rive, however, is denied.

56. <u>Paragraphs 131</u> through <u>142</u> of the Complaint are denied.

57. <u>Paragraph 143</u> of the Complaint is admitted as to the Plaintiff filing suit. Any alleged wrongdoing by the County or Detective Rice, however, is denied.

58. No response is required of Hamilton County to <u>Paragraph 144</u> of the Complaint. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

---

[3] There is no Paragraph 107 contained in the Complaint.
[4] The Complaint contains two paragraphs numbered 127. This response is to the first paragraph.
[5] The Complaint contains two paragraphs numbered 127. This response is to the second paragraph.

59. Paragraphs 145 and 146 of the Complaint of the Complaint contain legal conclusions to which no response is required. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

60. Paragraphs 147 through 158 of the Complaint are denied.

61. Paragraph 159 of the Complaint is admitted as to the Plaintiff filing suit. Any alleged wrongdoing by the County or Detective Rice, however, is denied.

62. Paragraph 161 of the Complaint is a legal conclusion to which no response is required. Any alleged wrongdoing by the County or Detective Rice, however, is denied.

63. Paragraphs 162 through 174 of the Complaint are denied.

64. No response is required of these Defendants to Paragraph 176 of the Complaint. Any alleged wrongdoing on the part of the County or Deputy Rice, however, is denied.

65. Paragraph 177 of the Complaint contains legal conclusions to which no response is required. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

66. Paragraphs 178 through 185 of the Complaint are denied.

67. Paragraph 186 of the Complaint is admitted as to the Plaintiff filing suit. Any alleged wrongdoing by the County or Detective Rice, however, is denied.

68. Paragraphs 187 through 193 of the Complaint contain legal conclusions to which no response is required. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

69. Paragraph 194 of the Complaint is denied.

70. Paragraph 195 of the Complaint is admitted as to the Plaintiff filing suit. Any alleged wrongdoing by the County or Detective Rice, however, is denied.

71. No response is required of these Defendants to Paragraphs 196 through 202 of the Complaint. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

72. Paragraph 203 of the Complaint is a legal conclusion to which no response is required. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

73. Paragraphs 204 through 206 of the Complaint are denied.

74. No response is required of these Defendants to Paragraphs 207 and 208 of the Complaint. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

75. Paragraph 209 of the Complaint is a legal conclusion to which no response is required. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

76. Paragraphs 210 through 212 of the Complaint are denied.

77. No response is required of these Defendants to Paragraph 213 of the Complaint. Any alleged wrongdoing on the part of the County or Detective Rice, however, is denied.

78. Hamilton County denies that it violated the Plaintiff's constitutional rights as alleged in Paragraph A of the Demand portion of the Complaint and further denies that the Plaintiff is entitled to any damages from it.

79. Detective Rice denies that she violated the Plaintiff's constitutional rights as alleged in <u>Paragraph</u> <u>B</u> of the Demand portion of the Complaint and further denies that the Plaintiff is entitled to any damages from her.

80. Any allegation in the Complaint not hereinabove admitted, denied or otherwise controverted is hereby denied.

**AFFIRMATIVE DEFENSES**

81. The Complaint fails to state a claim and/or cause of action against Hamilton County or Detective Rice upon which relief can be granted.

82. To the extent that any state law claims are alleged in the Complaint, all such claims of the Plaintiffs are governed by T.C.A. § 29-20-101, *et seq.*, the Tennessee Governmental Tort Liability Act, ("GTLA") and Hamilton County and Detective Rice are entitled to all defenses, immunities, and protections of said Act.

83. Hamilton County cannot be held liable for any damages claimed by the Plaintiff on the grounds that the injury sustained by the Plaintiff was not proximately caused by or directly related to any unconstitutional practice on the part of the County.

84. These Defendants state that the Plaintiff's actions constitute comparative fault, which either entirely bars recovery from these Defendants or reduces any recovery against these Defendants commensurate with the comparative fault of the Plaintiff.

85. These Defendants further state that, relative to the Plaintiff's claims under GTLA, a jury trial is not applicable.

86. These Defendants acted at all times in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause the Plaintiffs harm.

87. Any liability of these Defendants for punitive damages is denied and is limited by the Due Process Clause of the United States Constitution.

88. The Plaintiff's claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983").

89. The Plaintiff's claims brought against Hamilton County pursuant to Section 1983 fail to state a claim upon which relief can be granted on a *respondeat superior* theory of liability.

90. Hamilton County was not deliberately indifferent.

91. To the extent that the Plaintiffs raise a claim pursuant to the provisions of the Tennessee Constitution, Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution.

92. The Hamilton County Sheriff's Office appoints only individuals who meet the minimum qualifications for police officers found in *Tenn. Code Ann.* § 38-8-106.

93. Hamilton County asserts an intent to seek attorney fees and costs of litigation as to federal claims made against it by A.M. (a minor child), through guardian and next friend Joleen Lemmons, as a prevailing party pursuant to *F.R.Civ.P.* 54.

94. Detective Trista Rice asserts an intent to seek attorney fees and costs of litigation as to all claims made against her by A.M. (a minor child), through guardian and next friend Joleen Lemmons, as a prevailing party pursuant to *F.R.Civ.P.* 54.

95. Detective Trista Rice asserts an intent to seek attorney fees and costs of litigation as to all made against her by A.M. (a minor child), through guardian and next friend Joleen Lemmons, as a prevailing party pursuant to *Tenn. Code Ann.* § 29-20-113.

96. These Defendants are presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserve the right to amend their Answer to plead any affirmative defenses or matters of avoidance.

Wherefore, having fully answered, Hamilton County and Trista Rice pray that they be dismissed with costs assessed against the Plaintiff.

HAMILTON COUNTY ATTORNEY'S OFFICE

By: *s/Sharon M. Milling*
R. Dee Hobbs, BPR No. 10482
Sharon McMullan Milling, BPR No. 36876
625 Georgia Avenue, Suite 204
Chattanooga, TN 37402
Phone/Fax: 423-209-6150/6151

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of February, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*s/Sharon M. Milling*