# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| A.M., A MINOR CHILD THROUGH GUARDIAN & NEXT FRIEND JOLEEN LEMMONS | ) ) | |
|     **Plaintiff,** | ) ) | |
| v. | ) ) | No. 1:20-cv-00019 |
| HAMILTON COUNTY GOVERNMENT, DEPUTY TYLER McRAE IN HIS OFFICAL CAPACITY AS A DEPUTY SHERIFF FOR HAMILTON COUNTY GOVERNMENT AND IN HIS INDIVIDUAL CAPACITY | ) ) ) ) ) | Jury Demand |
| DEPUTY DANIEL WILKEY IN HIS OFFICIAL CAPACITY AS A DEPUTY SHERIFF FOR HAMILTON COUNTY GOVERNMENT AND IN HIS INDIVIDUAL CAPACITY | ) ) ) ) ) | |
| DEPUTY TRISTA RICE IN HER OFFICIAL CAPACITY AS A DEPUTY SHERIFF FOR HAMILTON COUNTY GOVERMNET AND IN HER INDIVIDUAL CAPACITY, | ) ) ) ) ) | |
|     **Defendants.** | ) | |

## DEFENDANT DANIEL WILKEY'S ANSWER

Comes now Deputy Daniel Wilkey (hereinafter "Wilkey") and for answer to the complaint filed against him would show to the court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Wilkey specifically asserts that he was acting in good faith and in the good-faith performance of his job and duties for which he is entitled to the defense of qualified immunity

or good faith immunity from any of Plaintiff's actions in the reasonable performance of his duties as it relates to this Plaintiff.

## THIRD DEFENSE

To the extent that any of the Plaintiff's claims can be considered a Tennessee tort law claim, Wilkey specifically asserts the defense of comparative fault. Wilkey specifically asserts that the Plaintiff was guilty of comparative fault and that her fault constitutes 100% of the fault, thereby barring her claims as a matter of law.

## FOURTH DEFENSE

Wilkey denies that he deprived the Plaintiff of any of her constitutional rights or that in any way he violated Title 42 U.S.C. § 1983 or of the United States Code, the United States Constitution, the Tennessee Constitution, the common law of Tennessee or any Tennessee statute by performing his duties during his response to the traffic stop, and the events that followed.

## FIFTH DEFENSE

Wilkey would submit that neither Hamilton County nor any official policymaker adopted any policy, custom, or practice as to the use of force or the arrest power with deliberate indifference or malice or sadistic motive contrary to the rights of the Plaintiff. Further, that no actions by Hamilton County or any official policymaker was intended to deprive the Plaintiff of due process of law. Wilkey would show that there was no malicious or sadistic action by him, or any officer, and that no action of such officers occurred as a result of any unconstitutional policy, custom, or practice adopted by Hamilton County.

## SIXTH DEFENSE

Wilkey asserts that his actions were objectively reasonable in connection with the attempt to respond to a traffic stop. Wilkey denies that he used any excessive force against the Plaintiff.

## SEVENTH DEFENSE

The Defendant named in this lawsuit is entitled to be dismissed from it in their official capacities as any action against them in their official capacity is actually brought against a governmental entity, Hamilton County, which is already named as a Defendant in this lawsuit.

## EIGHTH DEFENSE

In the alternative, Wilkey specifically asserts all defenses applicable to him under the Tennessee Governmental Tort Liability Act "TGTLA", Tenn. Code Ann. § 29-20-101 *et seq.*, and incorporates by reference herein all defenses specified therein. In particular, Wilkey relies upon the following provisions:

A. Tenn. Code Ann. § 29-20-205 sets out nine (9) specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:

    i. Tenn. Code Ann. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

    ii. Tenn. Code Ann. § 29-20-205(2): False imprisonment pursuant to a traffic stop, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of privacy, or civil rights.

    iii. Tenn. Code Ann. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

    iv. Tenn. Code Ann. § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

B. Tenn. Code Ann. § 29-20-307 provides for the right to trial without a jury;

C. Tenn. Code Ann. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of July 7, 2012.

## NINTH DEFENSE

Wilkey in his official capacities, is immune from liability and not a proper party under the TGTLA for an act or omission for which the immunity of the governmental entity is removed by the TGTLA.

## TENTH DEFENSE

The Plaintiff's Complaint is barred by the applicable statute of limitations or laches.

## ELEVENTH DEFENSE

Wilkey is presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserves the right to amend his Answer to plead any affirmative defenses or matters of avoidance.

## TWELFTH DEFENSE

Wilkey asserts an intent to seek attorneys' fees and costs as to state law claims made against them as a prevailing party having been sued in their individual capacities for actions taken in their official capacities and under color of law pursuant to Tenn. Code Ann. § 29-20-113(a).

## THIRTEENTH DEFENSE

With respect to the specific allegations of the complaint, Wilkey responds as follows:

1. The allegations contained in paragraph 1 are denied.

2. The allegations contained in paragraph 2 do not require a response from this Defendant.

3. Wilkey is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 3 and therefore denies the same.

4. The allegations contained in paragraph 4 are admitted.

5. The allegations contained in paragraph 5 do not address Wilkey and therefore do not require a response from him.

6. The allegations contained in paragraph 6 do not address Wilkey and therefore do not require a response from him.

7. The allegations contained in paragraph 7 are denied.

8. The allegations contained in paragraph 8 are denied

9. Wilkey admits this Court has jurisdiction over these claims as does the United States District Court. The remaining allegations are denied.

10. Wilkey admits that venue is appropriate in both Hamilton County Circuit Court and the United States District Court. Wilkey admits that Hamilton County is a political subdivision of the State of Tennessee. Wilkey admits that he performed his livelihood as an employee of Hamilton County, TN within Hamilton County, TN. Wilkey is without sufficient information or knowledge to form a belief as to the residence of Defendant McRae or the Plaintiff and therefore denies the same. All remaining allegations are denied.

11. Wilkey is without sufficient information and knowledge to form a belief as to the allegations contained in the paragraph marked 10 and therefore denies same.[1]

12. Wilkey admits that Hamilton County provides funding for the operation of the Hamilton County Sheriff's Office (hereinafter referred to as HCSO). Wilkey admits that the HCSO was created by statute by the State of Tennessee. As to the remaining allegations contained

---

[1] The preceding paragraph is also marked 10 in the complaint.

in the paragraph marked 11 of the complaint, Wilkey is without sufficient information or knowledge to form a belief as to said allegations and therefore denies the same.

13. Wilkey denies that the County created the HCSO as it was created by statutes passed by the Tennessee Legislature and the Tennessee Constitution. Wilkey admits that the HCSO is a law enforcement agency that is regulated to a degree by the laws of Tennessee. The remaining allegations contained in the paragraph marked 12 are legal conclusions and do not require a response from Wilkey.

14. The allegations contained in the paragraph marked 13 do not require a response from this Defendant.

15. The allegations contained in the paragraph marked 14 of the complaint are admitted as to Wilkey, but Wilkey denies any negligence or wrongdoing as alleged by the Plaintiff. As to the other Defendants, these allegations do not require a response from Wilkey.

16. Wilkey admits the allegations contained in the paragraph marked 15 that the vehicle that the Plaintiff was operating had four other juvenile female occupants and one adult male.

17. Wilkey is without sufficient information or knowledge to form a belief as to whether or not the vehicle driven by A.M. had factory installed window tint, and therefore denies that allegation contained in the paragraph marked 16. As to the allegation of whether the window tint on this vehicle violated Tennessee law, this is a legal conclusion and Wilkey denies this allegation contained in the paragraph marked 16. T.C.A. § 55-9-107 defines what window tint is unlawful, and it provides that the burden is on the offender to prove the window tint is in compliance.

18. Wilkey admits the allegation contained in the paragraph marked 17 that it was raining during the traffic stop but would not refer to it as "torrential." Wilkey does not recall if it was cold that April night and therefore denies that allegation.

19. Wilkey admits that both he and Defendant McRae followed the car the Plaintiff was riding in for some distance. The address the vehicle was registered to was the same address that came back as the residence of one Patty McKenzie who had an outstanding warrant out for her arrest. The last name of the registered owner of the car was McKenzie. It turned out that Patty McKenzie's daughter was driving the car and that Patty McKenzie was not in the vehicle in question. All remaining allegations contained in the paragraph marked 18 are denied.

20. The allegation contained in the paragraph marked 19 is admitted.

21. Wilkey admits in the paragraph marked 20 approaching the driver side of the vehicle and inquiring about Patty McKenzie.

22. Wilkey recalls the conclusion that the smell of marijuana was present as they approached the vehicle after the window was opened by the driver. Wilkey asserts that a marijuana pipe with residue was found in the possession of the driver of the car in the paragraph marked 21. T.C.A. § 55-9-107 defines what window tint is unlawful, and it provides that the burden is on the offender to prove the window tint is in compliance in the paragraph marked 21.

23. The allegations contained in the paragraph marked 22 are denied.

24. The allegations contained in the paragraph marked 23 are admitted.

25. Wilkey is without sufficient information and knowledge to form a belief as to the allegations contained in the paragraph marked 24 and therefore denies the same.

26. The allegations contained in the paragraph marked 25 are denied.

27. Wilkey admits that he did take Plaintiff to the front of his police car to be searched in the paragraph marked 26.

28. Wilkey admits to asking the Plaintiff to place her body in an appropriate position to be searched. Wilkey denies in the paragraph marked 27 any inappropriate touching.

29. Wilkey asserts that Plaintiff was trying to avoid being searched as a marijuana pipe with residue was found in her possession. Wilkey denies in the paragraph marked 28 any inappropriate touching.

30. The allegations contained in the paragraph marked 29 are denied.

31. The allegations contained in the paragraph marked 30 are denied.

32. Wilkey discovered drug paraphernalia on the Plaintiff upon reasonably searching her. The remaining allegations contained in the paragraph marked 31 are denied.

33. Wilkey admits that one of the female juveniles asked about a woman searching them, and they were advised that a female officer was not required to perform a search. Wilkey denies in the paragraph marked 32 any inappropriate touching. The remaining allegations contained in the paragraph marked 32 are denied.

34. The allegations contained in the paragraph marked 33 are denied.

35. Wilkey admits that a marijuana pipe with residue was found on the Plaintiff, and that subsequently she was placed into custody. Wilkey is without sufficient information and knowledge to form a belief as to the remaining allegations contained in the paragraph marked 34 and therefore denies the same.

36. The allegations contained in the paragraph marked 35 are denied.

37. The allegations contained in the paragraph marked 36 are denied.

38. The allegations contained in the paragraph marked 37 are denied.

39. Wilkey admits booking Plaintiff into the JDU for possession of drug paraphernalia. Wilkey is without sufficient information and knowledge to form a belief as to the remaining allegations contained in the paragraph marked 38 and therefore denies the same.

40. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 39 and therefore denies the same.

41. The allegations contained in the paragraph marked 40 are denied.

42. The allegations contained in the paragraph marked 41 are denied.

43. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 42 and therefore denies the same.

44. Wilkey admits that Defendant Rice was the investigator handling the complaint. Wilkey is without sufficient information and knowledge to form a belief as to the remaining allegations contained in the paragraph marked 43 and therefore denies the same.

45. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 44 and therefore denies the same.

46. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 45 and therefore denies the same.

47. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 46 and therefore denies the same.

48. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 47 and therefore denies the same.

49. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 48 and therefore denies the same.

50. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 49 and therefore denies the same.

51. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 50 and therefore denies the same.

52. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 51 and therefore denies the same.

53. Wilkey is without sufficient information and knowledge to form a belief as to the allegation contained in the paragraph marked 52 and therefore denies the same.

54. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 53, and therefore denies the same.

55. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 54, and therefore denies the same.

56. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 55, and therefore denies the same.

57. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 56, and therefore denies the same.

58. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 57, and therefore denies the same.

59. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 58, and therefore denies the same.

60. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 59, and therefore denies the same.

61. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 60, and therefore denies the same.

62. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 61, and therefore denies the same.

63. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 62, and therefore denies the same.

64. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 63, and therefore denies the same.

65. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 64, and therefore denies the same.

66. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 65, and therefore denies the same.

67. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 66, and therefore denies the same.

68. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 67, and therefore denies the same.

69. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 68, and therefore denies the same.

70. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 69, and therefore denies the same.

71. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 70, and therefore denies the same.

72. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 71, and therefore denies the same.

73. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 72, and therefore denies the same.

74. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 73, and therefore denies the same.

75. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 74, and therefore denies the same.

76. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 75, and therefore denies the same.

77. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 76, and therefore denies the same.

78. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 77, and therefore denies the same.

79. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 78, and therefore denies the same.

80. The allegations contained in the paragraph marked 79 are admitted.

81. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 80, and therefore denies the same.

82. While Wilkey has some recollection of a press conference conducted by Sheriff Hammond that related to the Mitchell case, Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 81, and therefore denies the same.

83. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 82, and therefore denies the same.

84. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 83, and therefore denies the same.

85. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 84, and therefore denies the same.

86. Wilkey admits that he has been indicted. The remaining allegations contained in the paragraph marked 85 are denied.

87. The allegations contained in the paragraph marked 86 are admitted.

88. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 87, and therefore denies the same.

89. The allegations contained in the paragraph marked 88 do not require a response from this Defendant.

90. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 89, and therefore denies the same.

91. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 90, and therefore denies the same.

92. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 91, and therefore denies the same.

93. Wilkey refers to his answers to those paragraphs and incorporates them in the paragraph marked 92 as if stated fully herein.

94. Wilkey admits that he has a duty as a law enforcement officer to intervene if any citizen including the Plaintiff is being sexually assaulted. The remaining allegations contained in the paragraph marked 93 are denied.

95. Wilkey admits that he has a duty as a law enforcement officer to report misconduct by other officers up his chain of command. The remaining allegations contained in the paragraph marked 94 are denied.

96. The allegations contained in the paragraph marked 95 are so vague that Wilkey is unable to form a belief as to these allegations and therefore denies the same.

97. Wilkey admits that he has a duty as a law enforcement officer to intervene if any citizen including the Plaintiff is being sexually assaulted. Wilkey admits that he has a duty as a law enforcement officer to report misconduct by other officers up his chain of command. The remaining allegations contained in the paragraph marked 96 are denied.

98. The allegations contained in the paragraph marked 97 are denied.

99. The allegations contained in the paragraph marked 98 are denied.

100. The allegations contained in the paragraph marked 99 are denied.

101. The allegations contained in the paragraph marked 100 are denied.

102. The allegations contained in the paragraph marked 101 are denied.

103. The allegations contained in the paragraph marked 102 are denied.

104. The allegations contained in the paragraph marked 103 are denied.

105. The allegations contained in the paragraph marked 104 are denied.

106. The allegations contained in the paragraph marked 105 are denied.

107. The allegations contained in the paragraph marked 106 are denied.

108. The allegations contained in the paragraph marked 108 do not require a response from this Defendant.[2]

109. Wilkey refers to his answers to those paragraphs and incorporates them in the paragraph marked 109 as if stated fully herein.

110. Wilkey admits that he has a duty not to seize any citizen including the Plaintiff without probable cause. The remaining allegations contained in the paragraph marked 110 are denied.

111. Wilkey admits that any law enforcement officer has a duty to stop sexual assault. The remaining allegations contained in the paragraph marked 111 are denied.

112. The allegations contained in the paragraph marked 112 are so vague that Wilkey is unable to form a belief as to these allegations and therefore denies the same.

113. Wilkey admits that any law enforcement officer has a duty to stop sexual assault. The remaining allegations contained in the paragraph marked 113 are denied.

114. The allegations contained in the paragraph marked 114 are denied.

115. The allegations contained in the paragraph marked 115 are denied.

116. The allegations contained in the paragraph marked 116 are denied.

117. The allegations contained in the paragraph marked 117 are denied.

118. The allegations contained in the paragraph marked 118 are denied.

119. The allegations contained in the paragraph marked 119 are denied.

120. The allegations contained in the paragraph marked 120 are denied.

121. The allegations contained in the paragraph marked 121 are denied.

122. The allegations contained in the paragraph marked 122 are denied.

---

[2] No paragraph 107 occurs within the complaint.

123. The allegations contained in the paragraph marked 123 are denied.

124. The allegations contained in the paragraph marked 124 are denied.

125. The allegations contained in the paragraph marked 125 are denied.

126. The allegations contained in the paragraph marked 126 are denied.

127. Wilkey admits to acting under color of law. The remaining allegations contained in the paragraph marked 127 are denied.

128. The allegations contained in the paragraph marked 127 do not require a response from this Defendant.[3]

129. Wilkey refers to his answers to those paragraphs and incorporates them in the paragraph marked 128 as if stated fully herein.

130. Wilkey admits that he has a duty not to search any citizen including the Plaintiff without probable cause. Wilkey smelled marijuana in the Plaintiff's vehicle and discovered drug paraphernalia on the Plaintiff upon reasonably searching her. The remaining allegations contained in the paragraph marked 129 are denied.

131. The allegations contained in the paragraph marked 130 are denied.

132. The allegations contained in the paragraph marked 131 are denied.

133. The allegations contained in the paragraph marked 132 are denied.

134. The allegations contained in the paragraph marked 133 are denied.

135. The allegations contained in the paragraph marked 134 are denied.

136. The allegations contained in the paragraph marked 135 are denied.

137. The allegations contained in the paragraph marked 136 are denied.

138. The allegations contained in the paragraph marked 137 are denied.

---

[3] There are two paragraphs consecutively marked 127.

139. The allegations contained in the paragraph marked 138 are denied.

140. The allegations contained in the paragraph marked 139 are denied.

141. The allegations contained in the paragraph marked 140 are denied.

142. The allegations contained in the paragraph marked 141 are denied.

143. Wilkey admits to acting under color of law. The remaining allegations contained in the paragraph marked 142 are denied.

144. The allegations contained in the paragraph marked 143 do not require a response from this Defendant.

145. Wilkey refers to his answers to those paragraphs and incorporates them in the paragraph marked 144 as if stated fully herein.

146. Wilkey admits that he has a duty as a law enforcement officer to refrain from making false criminal charges. Wilkey smelled marijuana in the Plaintiff's vehicle and discovered a marijuana pipe with residue in the possession of the Plaintiff and thereby reasonably charged her. The remaining allegations contained in the paragraph marked 145 are denied.

147. Wilkey smelled marijuana in the Plaintiff's vehicle and discovered drug paraphernalia on the Plaintiff upon reasonably searching her. The remaining allegations contained in the paragraph marked 146 are denied.

148. The allegations contained in the paragraph marked 147 are denied.

149. The allegations contained in the paragraph marked 148 are denied.

150. The allegations contained in the paragraph marked 149 are denied.

151. The allegations contained in the paragraph marked 150 are denied.

152. The allegations contained in the paragraph marked 151 are denied.

153. The allegations contained in the paragraph marked 152 are denied.

154. The allegations contained in the paragraph marked 153 are denied.

155. The allegations contained in the paragraph marked 154 are denied.

156. The allegations contained in the paragraph marked 155 are denied.

157. The allegations contained in the paragraph marked 156 are denied.

158. The allegations contained in the paragraph marked 157 are denied.

159. Wilkey admits to acting under color of law. The remaining allegations contained in the paragraph marked 158 are denied.

160. The allegations contained in the paragraph marked 159 do not require a response from this Defendant.

161. Wilkey refers to his answers to those paragraphs and incorporates them in the paragraph marked 160 as if stated fully herein.

162. Wilkey admits that Rice has a duty as a law enforcement officer to refrain from making false criminal charges. The remaining allegations contained in the paragraph marked 161 are denied.

163. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 162, and therefore denies the same.

164. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 163, and therefore denies the same.

165. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 164, and therefore denies the same.

166. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 165, and therefore denies the same.

167. The allegations contained in the paragraph marked 166 are denied.

168. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 167, and therefore denies the same.

169. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 168, and therefore denies the same.

170. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 169, and therefore denies the same.

171. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 170, and therefore denies the same.

172. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 171, and therefore denies the same.

173. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 172, and therefore denies the same.

174. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 173, and therefore denies the same.

175. Wilkey admits to acting under color of law. The remaining allegations contained in the paragraph marked 174 are denied.

176. The allegations contained in the paragraph marked 175 do not require a response from this Defendant.

177. Wilkey refers to his answers to those paragraphs and incorporates them in the paragraph marked 176 as if stated fully herein.

178. The allegations contained in the paragraph marked 177 state a legal conclusion and therefore do not require a response from Wilkey.

179. The allegations contained in the paragraph marked 178 are denied.

180. The allegations contained in the paragraph marked 179 are denied.

181. The allegations contained in the paragraph marked 180 are denied.

182. The allegations contained in the paragraph marked 181 are denied.

183. The allegations contained in the paragraph marked 182 are denied.

184. The allegations contained in the paragraph marked 183 are denied.

185. The allegations contained in the paragraph marked 184 are denied.

186. Wilkey admits to acting under color of law.  The remaining allegations contained in the paragraph marked 185 are denied.

187. The allegations contained in the paragraph marked 186 do not require a response from this Defendant.

188. Wilkey refers to his answers to those paragraphs and incorporates them in the paragraph marked 187 as if stated fully herein.

189. The allegations contained in the paragraph marked 188 are admitted.

190. The allegations contained in the paragraph marked 189 state a legal conclusion and therefore do not require a response from Wilkey.

191. Wilkey admits that the Tennessee Constitution, article I, section 13, prohibits treating citizens with unnecessary rigor.  The remaining allegations contained in the paragraph marked 190 are denied.

192. The allegations contained in the paragraph marked 191 are denied.

193. The allegations contained in the paragraph marked 192 are denied.

194. The allegations contained in the paragraph marked 193 do not address Wilkey and therefore do not require a response from this Defendant.

195. The allegations contained in the paragraph marked 194 are denied.

196. The allegations contained in the paragraph marked 195 do not require a response from this Defendant.

197. Wilkey refers to his answers to those paragraphs and incorporates them in the paragraph marked 196 as if stated fully herein.

198. The allegations contained in the paragraph marked 196 are denied.[4]

199. The allegations contained in the paragraph marked 197 are denied.

200. The allegations contained in the paragraph marked 198 do not require a response from this Defendant.

201. Wilkey refers to his answers to those paragraphs and incorporates them in the paragraph marked 199 as if stated fully herein.

202. The allegations contained in the paragraph marked 200 are denied.

203. The allegations contained in the paragraph marked 201 are denied.

204. Wilkey refers to his answers to those paragraphs and incorporates them in the paragraph marked 202 as if stated fully herein.

205. The allegations contained in the paragraph marked 203 are so vague that Wilkey is unable to form a belief as to these allegations and therefore denies the same.

206. The allegations contained in the paragraph marked 204 are denied.

207. The allegations contained in the paragraph marked 205 are so vague that Wilkey is unable to form a belief as to these allegations and therefore denies the same.

208. The allegations contained in the paragraph marked 206 are denied.

209. The allegations contained in the paragraph marked 207 do not require a response from this Defendant.

---

[4] There are two paragraphs consecutively marked 196.

210. Wilkey refers to his answers to those paragraphs and incorporates them in the paragraph marked 208 as if stated fully herein.

211. The allegations contained in the paragraph marked 209 are so vague that Wilkey is unable to form a belief as to these allegations and therefore denies the same.

212. The allegations contained in the paragraph marked 210 are denied.

213. The allegations contained in the paragraph marked 211 are so vague that Wilkey is unable to form a belief as to these allegations and therefore denies the same.

214. The allegations contained in the paragraph marked 212 are denied.

215. The allegations contained in the paragraph marked 213 do not require a response from this Defendant.

216. Wilkey denies all the allegations contained in the request for relief marked A through H and denies that this Plaintiff is entitled to any damages, relief, or judgment.

217. Any allegations not specifically denied in this answer are now denied generally.

Now having fully answered the complaint filed against him, the Defendant requests it be dismissed with his costs. In the alternative, the Defendant demands a jury be empaneled to try the issues when joined.

Respectfully submitted,

By: */s/* Micah Guster _____
Micah Guster BPR No. 29586
1502 McCallie Ave
Chattanooga, TN 37404
Telephone: (423) 485-8088